## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| ANDREW RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-0466 |
| | ) | |
| DAVID BERKEBILE, | ) | |
| Warden, FCI Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

On February 6, 1997, Petitioner pled guilty in the United States District Court for the Southern District of New York to Conspiracy to Distribute Cocaine Base and Heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846. United States v. Rodriguez, Criminal Case No. 1:95-00942 (S.D.N.Y. July 20, 1998). On July 20, 1998, the District Court sentenced Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to a 240-month term of imprisonment to be followed by a three-year term of supervised release. Id.,
Document No. 147. The District Court also imposed a special assessment of $50.00. Id. Petitioner
filed his Notice of Appeal with the Second Circuit Court of Appeals on July 22, 1998.[2] Id.,
Document No. 127. On September 14, 2000, the Court of Appeals affirmed the decision of the
District Court. United States v. Ocasio, 225 F.3d 647 (2nd Cir. 2000). Petitioner filed a petition for
certiorari in the United States Supreme Court, which was denied on November 27, 2000. Ocasio v.
United States, 531 U.S. 1026, 121 S.Ct. 598, 148 L.Ed.2d 511 (2000)(unpublished). On September
19, 2001, Petitioner filed in the Southern District of New York a Motion Under 28 U.S.C. § 2255
to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. United States v.
Rodriguez, Criminal Case No. 1:95-00942. On January 18, 2002, the District Court dismissed
Petitioner's Motion. Id., Document No. 258.

On March 21, 2008, Petitioner filed a "Motion for Retroactive Application of Sentencing
Guidelines to Crack Cocaine Offense." United States v. Rodriguez, Criminal Case No. 1:95-00942,
Document No. 320. On April 21, 2009, the District Court denied Petitioner's Motion. Id., Document
No. 322. The District Court explained that "[t]he Defendant was sentenced to the statutory maximum
which was lower than the range calculated under the Sentencing Guidelines. Accordingly, changes
to the Sentencing Guidelines have no impact on his sentence." Id. Petitioner filed a Notice of Appeal
on June 15, 2009. Id., Document No. 328. On December 17, 2009, the Second Circuit granted the
Government's Motion for Summary Affirmance. Id., Document No. 338. On March 5, 2010, the
Second Circuit denied Petitioner's Petition for Panel Rehearing, or in the Alternative, for a

---

[2] In his appeal, Petitioner requested that the Court "vacate his plea of guilty and remand for
a hearing to determine whether Rodriguez was improperly induced to reject an earlier plea offer.
*United States v. Ocasio*, 225 F.3d 647 (2nd Cir. 2000).

2

Rehearing *En Banc*. (Document No. 2, p. 23.)

On April 9, 2010, Petitioner filed the instant Application alleging that his sentence is unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and <u>United States v. Gonzalez</u>, 420 F.3d 111 (2nd Cir. 2005). (Document No. 2.) Petitioner argues that the District Court (1) failed to find a proper factual basis to support his plea of guilty, (2) misapplied the Sentencing Guidelines, and (3) improperly imposed a statutory maximum sentence. (<u>Id.</u>, p. 6.) Petitioner argues "before a district judge accepts a plea of guilty the court has to be certain of every fact and element necessary to constitute a crime has been admitted to protect against Due Process Clause violations." (<u>Id.</u>, p. 5.) Petitioner contends that the District Court improperly made findings of fact that increased the maximum sentence authorized by his guilty plea. (<u>Id.</u>, pp. 4 - 6.) Specifically, Petitioner alleges that the judge improperly made findings of fact concerning the attributable drug quantity based on a preponderance of the evidence standard. (<u>Id.</u>) Petitioner contends that the "drug quantity is an element of 21 U.S.C. § 841 offense that must be pleaded and proved to a jury or admitted by a defendant to support any conviction." (<u>Id.</u>, p. 6.) Petitioner acknowledges that he admitted in a written plea agreement that "he and others conspired to distribute cocaine base and heroin equal to more than 30 kilograms of heroin." (<u>Id.</u>, p. 7.) Petitioner, however, "asserts his allocation does not provide sufficient factual basis, in that he did not avert explicitly to a specific drug quantity to support the conviction of which he was charged and convicted." (<u>Id.</u>) Petitioner states that "not only was it unreasonable for the District Judge to find Petitioner's applicable guideline range to be 324 - 405 months, level 39, with a criminal history III, based on facts put forth by the Government (12 purples topped vials of crack (8.6 G's)) during

summation,[3] but also egregious if it was for the non-quantity elements of a drug offense which it was allocated to." (Id.) Petitioner argues that his correct sentence range was 70 - 80 months. (Id.) Petitioner explains as follows:

> [A]t best Petitioner's applicable guideline range is level 24 (5 G's but less than 20 G's of cocaine base), for the 8.6 Gs the Government put forth while summarizing the evidence against the Petitioner for drug quantity. A three level adjustment for being a manager or supervisor pursuant to section 3B1.1b would yield a level 27 and a sentencing range of 87 - 108 months with a final two level adjustment pursuant to 3E1.1(a) for acceptance of responsibility would bring his level to 25 and a sentencing range of 70 - 87 months of which Petitioner has already served 171 months.

(Id., pp. 7 - 8.) Accordingly, Petitioner requests that the Court vacate, correct, or set aside his sentence. (Id., p. 8.)

In support, Petitioner attaches the following Exhibits: (1) An incomplete copy of the transcripts of his February 6, 1997, plea hearing (Id., pp. 10 - 13.); (2) A copy of pertinent pages from his Presentence Investigation Report (Id., pp. 14 - 16.); (3) A copy of the police department's "Property Clerk's Invoice" (Id., pp. 17 - 18.); (4) A copy of the Southern District of New York's

---

[3]  During the plea hearing, the prosecutor summarized the Government's evidence against Petitioner as follows (Document No. 2, pp. 11 - 12.):

> Your, Honor, the government's evidence against this defendant would show as he already stated that from the mid-1980s until about October of 1995 in the Hunts Point section of the Bronx, he agreed and worked with others to sell narcotics, specifically, crack and heroin, and specifically with respect to this defendant, the government's evidence would show that at various times within that time period this defendant delivered heroin and crack to various co-conspirators and collected money from them in the vicinity of 850 and 860 Bryant Avenue; also within that period of time that this defendant acted as the manager in the delivery and sale of crack and heroin at those same locations; that on or about 1994 he acted as the manager in the sale of crack across the street from 860 Bryant Avenue; and that on or about October 22, 1994, he participated in selling about 12 purple topped vials of crack to an undercover police officer from New York City Police Department in the vicinity of 194th Street and Decatur Avenue in the Bronx.

"Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (Id., p. 19.);

(5) A copy of pertinent pages from the United States Sentencing Guidelines Manual (Id., pp. 20 -

21.); (6) A copy of the Second Circuit Court of Appeals' Order dated December 17, 2009, granting

the Government's Motion for Summary Affirmance (Id., pp. 22 and 25.); (7) A copy of the Second

Circuit Court of Appeals' Order dated March 5, 2010, denying Petitioner's Petition for Panel

Rehearing, or in the Alternative, for a Rehearing *En Banc* (Id., p. 23.); and (8) A copy of the Second

Circuit Court of Appeals' Order dated March 16, 2010, denying Petitioner's Motion for Leave to

Amend or Supplement his Petition for Rehearing and Rehearing *En Banc*. (Id., p. 24.).

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of

federal judgments and sentences unless there is a showing that the remedy is inadequate or

ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus

pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears

the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee

v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred

procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of

Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128

F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert.

denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§

2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of

conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Southern District of New York. Petitioner alleges that his sentence is unconstitutional under Gonzalez and Apprendi because his sentence was improperly enhanced based upon facts found by the District Court, and not admitted by Petitioner or found by a jury. (Document No. 2.) Specifically, Petitioner contends that the District Court erred by attributing more than 30 kilograms of heroin to Petitioner because Petitioner pled guilty to "at least 5 grams but less than 20 grams of cocaine base." (Id., pp. 7 - 8, 16.) Thus, Petitioner asserts that his Total Offense Level should have been 25, with a sentencing range of 70 to 87 months. (Id., pp. 7 - 8) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct their sentences under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of New York. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the Petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court and has not obtained the authorization of the Second Circuit to file a successive Section 2255 Motion.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner's conclusory statement that Section 2255 "is inadequate and ineffective" is insufficient. (Document No. 2, p. 8.) Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), were based upon and extended the rationale which the Court first announced in Apprendi

v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Blakely and

Booker were decided after Petitioner's sentence became final, and do not present cognizable grounds

for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v.

Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242

(2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners

cannot raise their Apprendi claims on collateral review regardless of whether their complaints are

brought under § 2241 or § 2255 . . .." The Fourth and Second Circuit Court of Appeals have

determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is

not retroactive with respect to persons whose convictions were final prior to the Supreme Court's

decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005), cert. denied, 549 U.S. 852, 127 S.Ct.

121, 166 L.Ed.2d 91 (2006); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005)(Booker not

retroactively applicable on collateral attack); Carmona v. United States, 390 F.3d 200 (2nd Cir.

2004)(Blakely not retroactive on collateral review); Coleman v. United States, 329 F.3d 77 (2nd Cir.

2003), cert. denied, 540 U.S. 1061, 124 S.Ct. 840, 157 L.Ed.2d 719(2003)(Apprendi does not apply

retroactively to cases on collateral review). Additionally, the Second Circuit has held that Gonzales

is not retroactive to cases on collateral review.[4] See Moses v. United States, 2009 WL 222797, * 2

(S.D.N.Y. Jan. 26, 2009)(denying Petitioner's application to file a second *habeas* petition because

neither Apprendi nor Gonzalez constituted new rules of constitutional law that have been made

retroactive to cases on collateral review); Rosario-Dominguez, 2008 WL 4067428, * 4 (S.D.N.Y.

Sept. 2, 2008)(finding that Gonzales is not retroactive because it relied on the holdings of Apprendi

---

[4] In *United States v. Gonzales*, 420 F.3d 111, 133-34 (2nd Cir. 2005), the Second Circuit held that drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury, or admitted by a defendant, in order to support any conviction on an aggravated drug offense.

and <u>Booker</u>). Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application, and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 24, 2011.

R. Clarke VanDervort
United States Magistrate Judge